IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CADENCE BANK, N.A. §<br>　　　Plaintiff, §<br>§<br>vs. §<br>§<br>JYOTI AMERICAS LLC, §<br>JYOTI STRUCTURES LTD., and §<br>JYOTI INTERNATIONAL, INC. §<br>　　　Defendants. § | Civil Action No. _____ |

## Plaintiff's Original Complaint

Plaintiff Cadence Bank, N.A. files this Original Complaint against Jyoti Americas LLC, Jyoti Structures Ltd., and Jyoti International, Inc.

### Parties

1. Cadence Bank, N.A. is a U.S. national banking association.

2. Jyoti Americas LLC is a Delaware limited liability company. It may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Jyoti Structures Ltd. is a duly created entity under the laws of India. It may be served through the procedure set forth in the Hague Convention.

4. Jyoti International, Inc. is a Delaware corporation. It may be served through its registered agent, Rakesh M. Patel, at 13773 Eaglesnest Bay Drive, Corpus Christi, Texas 78418, or wherever he may be found. It may also be served through its President, at 3575 Pollok Drive, Conroe, Texas 77303, or wherever he/she may be found.

### Jurisdiction and venue

5. This Court has personal jurisdiction over each party because each resides in Texas,

and/or conducts business in Texas, and/or owns property in Texas, and/or has continuous and systematic contacts with Texas, and/or consented to the jurisdiction of this Court. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

6. Venue for this lawsuit is proper in the Southern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this suit occurred in the state of Texas, and the parties consented to venue in the Southern District of Texas.

**Facts**

7. Jyoti Americas LLC (sometimes referred to herein as "Borrower"), as Borrower, and Cadence Bank, N.A. (sometimes referred to herein as "Lender"), as Lender, executed that certain Export Loan Agreement dated September 19, 2014. Exhibit 1 is a copy of such Export Loan Agreement.[1]

8. Jyoti Americas LLC, as Borrower, executed that certain Promissory Note dated September 19, 2014, to evidence the loan obligation whereby Lender loaned to Borrower the original principal sum of $21,000,000.00. Exhibit 2 is a copy of such Promissory Note.

9. The Loan Agreement was entered into with the support of Export-Import Bank of the United States ("EXIM Bank").[2] In connection therewith, Jyoti Americas LLC, as Borrower, entered into that certain Borrower Agreement dated September 19, 2014, in favor of EXIM Bank and Cadence Bank, N.A. Exhibit 3 is a copy of such Borrower Agreement.

---

[1] The Export Loan Agreement dated September 19, 2014 was modified twice. Borrower and Lender executed that certain First Amendment to Export Loan Agreement on March 9, 2015. *See* Exhibit 14. Borrower and Lender executed that certain Second Amendment to Export Loan Agreement on July 15, 2016. *See* Exhibit 11. The Export Loan Agreement, as modified by those amendments, shall be referred to herein as the "Loan Agreement."

[2] EXIM Bank entered into a Master Guarantee Agreement (the "MGA") with the Lender dated April 9, 2012, as amended, modified or supplemented from time to time which, among other things, provided that EXIM Bank would guarantee the payment of a certain percentage of each loan extended by the Lender in accordance with the terms and conditions of the MGA (the "EXIM Bank Guarantee"); and, pursuant to the EXIM Bank Guarantee, EXIM Bank guarantees the loan.

10. A Guaranty was entered into in connection with the Loan Agreement, with Jyoti Structures Ltd. (sometimes referred to herein as "Structures") as guarantor, dated September 19, 2014. Exhibit 4 is a copy of such Guaranty. Structures unconditionally guaranteed all payments due under the Loan Agreement and the Promissory Note.

11. A second Guaranty was also entered into in connection with the Loan Agreement, with Jyoti International, Inc. (sometimes referred to herein as "International", and together with Structures, "guarantors") as guarantor, dated September 19, 2014. Exhibit 5 is a copy of such Guaranty. International also unconditionally guaranteed all payments due under the Loan Agreement and the Promissory Note.

12. Structures and International explicitly consented to the Borrower Agreement. *See* Exhibit 3.

13. Borrower defaulted under the loan documents several times.

14. On February 18, 2016, Lender sent Borrower a Notice of Default. Exhibit 6 is a copy of such notice. Such notice described Borrower's overadvance defaults under the Loan Agreement and the Borrower Agreement. Under the loan documents, an overadvance occurs when disbursements (advances made by Lender) exceeds the collateral value that supports the outstanding disbursed amount under the loan obligation.

15. On April 5, 2016, Lender sent Borrower a Notice of Default. Exhibit 7 is a copy of such notice. Such notice described Borrower's defaults under the Borrower Agreement and the Loan Agreement. These defaults involved Borrower's failure to pay interest payments and provide financial information as required by the loan documents.

16. On April 29, 2016, Lender sent Borrower a Notice of Default. Exhibit 8 is a copy of such notice. Such notice described Borrower's continuing defaults under the Loan Agreement

and the Borrower Agreement. These defaults involved overadvances and Borrower's failure to provide financial information as required by the loan documents.

17. On June 13, 2016, Lender sent Borrower a Default Notice. <u>Exhibit 9</u> is a copy of such notice. Such notice described Borrower's defaults under the Loan Agreement. These defaults involved overadvances and a violation of the tangible net worth covenant in the loan documents.

18. Subsequently, Borrower requested, and Lender consented to, a decrease, renewal, and extension to the loan facilities at issue. As a result of this and other circumstances, certain documents were executed effective as of July 15, 2016. First, Jyoti Americas LLC, as Borrower, executed that certain Promissory Note (the "Decreased, Renewed and Extended Promissory Note"), whereby Borrower unconditionally promised to pay by August 29, 2016 (the "Maturity Date"), the sum of $14,000,000.00 or the aggregate unpaid amount of all Disbursements (as defined in the Loan Agreement). <u>Exhibit 10</u> is a copy of such Promissory Note. Second, Borrower and Lender executed that certain Second Amendment to Export Loan Agreement (which was acknowledged by guarantors), which further documented the Maturity Date and obligations evidenced by the Decreased, Renewed and Extended Promissory Note and in which Lender agreed to forbear on certain Events of Default (as defined in the Loan Agreement) then in existence. <u>Exhibit 11</u> is a copy of such Second Amendment to Export Loan Agreement. On August 24, 2016, Lender sent Borrower a Default Notice (the "August 24 Notice"). <u>Exhibit 12</u> is a copy of such notice. Such notice described an immediate additional overadvance default under the Loan Agreement and stated that, as a result thereof, the Forbearance Period (as defined therein) had terminated.

19. On August 29, 2016, the Decreased, Renewed and Extended Promissory Note matured.

20. On September 1, 2016, Lender sent Borrower and guarantors a letter (the "September 1 Letter"). Exhibit 13 is a copy of such letter. Such letter referred to the above-mentioned August 24 Notice and informed Defendants that the Decreased, Renewed and Extended Promissory Note had matured on August 29, 2016. The letter also demanded that Defendants immediately pay the Delinquent Amount (as defined in the documents) of $8,189,534.71.[3] The letter provided a deadline of September 12, 2016, after which Lender would proceed with the enforcement of its rights, including, without limitation, its right to file lawsuits against Borrower and guarantors.

21. As explained above, multiple Events of Default occurred. The Decreased, Renewed and Extended Promissory Note matured. All sums under the loan documents are due and payable. As of September 22, 2016, the Delinquent Amount due and owing to Lender was $8,431,106.90. Such sum does not include all penalties, attorney's fees, and/or other possible charges (including but not limited to Letter of Credit fees that may be incurred in the future) due to Lender.

## First cause of action
## Breach of contract against Borrower

22. Borrower failed to perform under the loan documents.

23. Due to Borrower's acts and omissions, numerous sections contained in the Loan Agreement were breached.

24. Due to Borrower's acts and omissions, numerous sections contained in the Borrower Agreement were breached.

25. Moreover, Borrower did not make the payments due under the loan documents. As

---

[3] The September 1 Letter also demanded that Defendants immediately deliver cash collateral in the amount of $5,747,914.34 for the aggregate undrawn amount of the outstanding Letters of Credit (as defined in the Loan Agreement). On September 2, 2016, Lender sent a follow-up letter in order to fix a typographical error. Exhibit 15 is a copy of such letter.

of September 22, 2016, Borrower owes Lender the Delinquent Amount of $8,431,106.90.

26. Lender seeks to recover against Borrower for its damages caused by such breaches, including but not limited to, agreed, liquidated, actual, incidental, direct, consequential, economic, special, nominal, and general damages, reasonable and necessary attorney's fees (under Section 38.001 of the Texas Civil Practice & Remedies Code and the Loan Agreement), costs of court, and pre- and post-judgment interest.

## Second cause of action
## Breach of contract against Guarantors

27. The guarantors failed to perform under the loan documents. The Decreased, Renewed and Extended Promissory Note has matured, and is fully due and payable. The Borrower breached, and failed to pay the principal and interest accrued thereon and all other indebtedness owed under the Decreased, Renewed and Extended Promissory Note. Structures and International, as guarantors, guaranteed payment of all sums due under the Decreased, Renewed and Extended Promissory Note. When the Borrower did not make the payments due under the Decreased, Renewed and Extended Promissory Note, Structures and International did not provide complete payment and performance as they were contractually obligated to do under the Guaranty agreements. Structures and International are jointly and severally liable pursuant to the terms of the Decreased, Renewed and Extended Promissory Note and Guaranty agreements. Lender seeks to recover against Structures and International for its damages caused by such breaches, including but not limited to, agreed, liquidated, actual, incidental, direct, consequential, economic, special, nominal, and general damages, reasonable and necessary attorney's fees (under Section 38.001 of the Texas Civil Practice & Remedies Code, the Guaranty agreements, the Loan Agreement and the Borrower Agreement), costs of court, and pre- and post-judgment interest.

## Conditions precedent

28. All conditions precedent, if any, required to be performed by Cadence Bank, N.A. have occurred or have been waived.

## Conclusion

29. Cadence Bank, N.A. requests that the Court grant judgment in its favor against Jyoti Americas LLC, Jyoti Structures Ltd., and Jyoti International, Inc., jointly and severally, for its actual, incidental, direct, consequential, economic, special, nominal, and general damages, attorney fees, costs of court, pre- and post-judgment interest, and request that the Court grant all other relief to which Cadence Bank, N.A. is entitled.

Respectfully submitted,

By: */s/ Kent Altsuler*
Kent Altsuler
Texas Bar No. 24001646
Federal ID No. 23424
Attorney-in-Charge for Cadence Bank, N.A.
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 – telephone
713.892.4800 – fax
kaltsuler@nathansommers.com

ATTORNEY FOR CADENCE BANK, N.A.

OF COUNSEL:

**NATHAN SOMMERS JACOBS**
A Professional Corporation
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 – telephone
713.892.4800 – fax